UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS
INTERNATIONAL, INC. ALIEN TORT
STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____

This Document Relates To:

DOE *et al.* v. CHIQUITA BRANDS
INTERNATIONAL, INC.

NO. 08-80465-CIV-MARRA/JOHNSON
_____/

**ORDER**

THIS CAUSE comes before the Court on Terrence Collingsworth's Motion to Clarify (DE 22), filed September 3, 2008. The Court has carefully considered the motion and is otherwise fully advised in the premises.

Mr. Collingsworth seeks clarification of this Court's Order of August 29, 2008, in which the Court directed Mr. Collingsworth and another attorney, Paul Wolf, to provide the Court with certain information regarding the selection of lead counsel for this action.[1] In response, Mr. Collingsworth seeks clarification that the Court only intends to appoint lead counsel for this action, not for the entire multidistrict litigation or for all of the cases brought pursuant to 28 U.S.C. § 1350.

---

[1] When the Court states "this action," the Court is not referring to the entire multidistrict litigation; instead, the Court means the specific case styled in the second caption listed on the first page of the order. In this instance, "this action" refers to *Doe v. Chiquita Brands International, Inc.*, No. 08-80465-CIV-MARRA.

The Court does not intend to appoint lead counsel for the entire multidistrict litigation. The Court's Order of August 29 was limited to the above-styled individual case, *Doe v. Chiquita Brands International*, No. 08-80465-CIV-MARRA. Had the Court intended the order to apply to all of the actions brought under the Alien Tort Statute, to the derivative actions, or both, the Court would have styled the order as such. (*See* DE 67, No. 08-01916-MD-MARRA (explaining the method for styling all papers filed in this multidistrict litigation).) The Court did not intend to intimate that it was considering Mr. Collingsworth or Mr. Wolf as lead counsel for anything more than this individual action.

The Court is mindful that Mr. Collingsworth and Mr. Wolf have submitted declarations in support of their competing motions. However, the Court concluded that it needed additional information to resolve this dispute, and the Court listed four specific areas of inquiry that it wished to consider in rendering a decision. The whole purpose of the Court's Order of August 29, 2008, was for Mr. Collingsworth and Mr. Wolf to provide detailed information for the Court to make an informed decision on this issue. The Court considers the declarations provided by Mr. Collingsworth and Mr. Wolf in their initial motions insufficient to render an informed decision between these two choices.[2]

Accordingly, it is **ORDERED AND ADJUDGED** that Terrence Collingsworth, Esq., and Paul Wolf, Esq., shall comply with the requirements of this Court's Order of August 29, 2008, within five (5) days from the date of entry of this Order. The Motion to Clarify (DE 22)

---

[2] Mr. Collingsworth and Mr. Wolf could, alternatively, resolve this dispute among themselves and then simply inform the Court who they believe should be designated as lead counsel. If such an agreement is achieved, the Court would accord it great deference.

shall be **TERMINATED**.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 14th day of September, 2008.

                                                                KENNETH A. MARRA
                                                               United States District Court

Copies furnished to:
all counsel of record